204 PEOPLE ex rel. BAY STATE S. & L. CO. v. McLEAN.

Second Department, February Term, 1879.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. THE BAY STATE SHOE AND LEATHER COMPANY, Respondent, v. THOMAS McLEAN and others, Assessors, and JOHN HOAG, Supervisor of the Town of Ossining, in the County of Westchester, Appellants.

*Foreign corporations — assessments against — chapter 37 of 1855.*

Since the passage of chapter 37 of the Laws of 1855, the property of a foreign corporation, doing business within this State, can no longer be assessed to the agent or trustee in whose possession it may be found, but must be assessed to the corporation itself, in the town or ward where the principal office or place for transacting its financial concerns is situated.

Certiorari to review an assessment, made upon the property of the relator.

The relator is a foreign corporation, created under and by virtue of the laws of Massachusetts, and having its principal " office for transacting the financial concerns of the company " at 93 Chambers street and 73 Reade street, in the city of New York. It owns certain materials and machinery situated within the precincts of the State prison at Sing Sing, in the town of Ossining, county of Westchester, used for the manufacture of boots and shoes by the labor of convicts in said prison, and such materials and machinery are there temporarily for that purpose. The boots and shoes so manufactured are the property of the relator, which has no other personal property in said town. The assessors of the town of Ossining assessed this property as against one Thomas Hapgood, claiming that said Hapgood was the agent of said corporation, the relator. The form of said assessment is as follows :

" Hapgood, Thos., for property in his possession as agent for the Bay State Shoe and Leather Company, stock and machinery, $16,000."

After completing the assessment-roll, notice was duly given of the time and place for the review of said assessments. At the proper time and place, the relator appeared by attorney, and asked that the assessment against its property be stricken from the roll, on the ground that it was improperly made, and was illegal and

PEOPLE ex rel. BAY STATE S. & L. CO. v. McLEAN. 205

Second Department, February Term, 1879.

void. This application was denied. The relator then procured a writ of *certiorari* to review the action of the assessors. To this writ return was made that the roll had been duly certified and delivered by the assessors to the supervisor. A supplemental writ was then obtained, directed to the supervisor, directing him to produce the record and assessment-roll before the court. It was claimed upon the argument that the relator, being a foreign corporation, its property could only be assessed in accordance with section 6 of the article of the Revised Statutes, relating to "the place in which property is to be assessed" (R. S. [6th ed.], vol. 1, p. 935); whereas the assessment had been made in the manner prescribed by section 5 of that article. This view was sustained by the court below, and judgment was rendered declaring the assessment to be illegal, and ordering it to be stricken from the roll. From that judgment this appeal is taken.

*M. L. Cobb*, for the appellants.

*Winfield, Leeds & Morse*, for the respondents.

Gilbert, J.:

Prior to the year 1855, the only way of subjecting the property of foreign corporations to taxation, was to assess it in the name of the agent or trustee in whose possession it might be found, and in the town or ward where he resided. (1 R. S., 389, § 5 as amended by chapter 176 of the Laws of 1851.) The statute (1 R. S., 387, § 1) rendered all real and personal property within the State liable to taxation, unless specially exempted by law. But under the system of assessment established, much personal property of non-residents escaped taxation. For example, the personal property of a non-resident owner in his own possession could not be taxed, and a single assessment of the personal property of a non-resident corporation within the State could not be made against the corporation by name as in the case of a domestic corporation, but it was necessary to seek such property in the hands of the agents of the corporation throughout the State, and assess each parcel in the name of the agent in the town or ward where he resided. To remedy these evils among others, the Legislature passed chapter

37 of the Laws of 1855, and thereby provided that "all persons and associations doing business in the State of New York * * * shall be assessed and taxed," not on the tangible property in possession of agents or trustees, but "on all sums invested in any manner in said business the same as if they were residents of this State," and they further provided that the tax should be collected from the property belonging to the persons or associations assessed. The changes in the law wrought by this statute are quite apparent. (1.) The subject of taxation is the capital invested in business and not the property in the hands of agents. The latter is by necessary implication excluded from liability to taxation, for if it were not the unjust burden of double taxation would be imposed. (2.) The mode of levying the tax is assimulated to that in respect to resident taxpayers — that is to say if a non-resident individual is to be taxed it must be done, not in the town or ward where the personal property happens to be, but in the town or ward where he is at the time doing business, and if a foreign corporation in the town or ward where the principal office or place for transacting its financial concerns shall be. (1 R. S., 389, §§ 5–6.) Such is the plain import of the statute, for the only way of taxing the property of a non-resident individual, in the same manner as if he were a resident, is to treat his place of business as his residence *pro hac vice*, and the only way of executing the statute of 1855, in respect to foreign corporations, is to apply the rule which is prescribed by the other statute relative to domestic corporations above cited.

I am of opinion, therefore, that the decision at Special Term is correct. (*Hoyt* v. *The Com's of Taxes*, 23 N. Y., 232; *The Parker Mills* v. *The Same*, id., 242; *British Com. Life Ins. Co.* v. *Com's*, 31 id., 32; *S. C.*, 1 Keyes, 303.) We think the remedy adopted to correct the error of the assessors was the proper one.

The order must be affirmed.

Present — BARNARD, P. J. and GILBERT, J.; DYKMAN, J. not sitting.

Order affirmed, with costs and disbursements.